463 So.2d 582 (1985)
Robbie PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. AY-349.
District Court of Appeal of Florida, First District.
February 19, 1985.
*583 Michael E. Allen, Public Defender; and Virginia Daire, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant/defendant was convicted by jury of grand theft and sentenced under the sentencing guidelines to five years in state prison. He now appeals both the conviction and the five year sentence. We affirm the conviction, but reverse and remand as to the sentence.
The first issue raised by appellant is whether the trial court erred in refusing to suppress an identification based on a "photo display." Appellant argues that his was the only photo out of seven depicting a clean-shaven man and, thus, the display was "impermissibly suggestive."
The Florida Supreme Court has stated that the "primary evil" to be avoided with the use of out-of-court identifications is the "very substantial likelihood of misidentification." Grant v. State, 390 So.2d 341 (Fla. 1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981). In adopting the test set out by the U.S. Supreme Court in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the Florida Supreme Court stated the two-fold inquiry to be:
(1) did the police employ an unnecessarily suggestive procedure in obtaining an out-of-court identification;
(2) if so, considering all the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification.
The factors to be considered in determining whether a likelihood of misidentification exists include:

*584 the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
Grant, 390 So.2d at 343, quoting Neil v. Biggers, 409 U.S. at 199-200, 93 S.Ct. at 382.
The trial judge examined the photo display in court and stated on the record that he was unable to tell whether defendant was the only man with no facial hair, that it appeared to him that two other men besides defendant had no facial hair, and that none of the men had beards. As we agree, after examination, with the trial judge that the photo display was not suggestive, we find it unnecessary to consider whether the procedure gave rise to a likelihood of misidentification.
Defendant next argues that the trial court made several errors in the calculation of his five year sentence under the sentencing guidelines. First, appellant argues that the 15 points assigned for one prior second-degree felony conviction should be removed from his scoresheet. Appellant was convicted in 1976 under section 812.031, F.S. ("Receiving stolen property"), a third-degree felony. That section was repealed in 1977 and replaced with section 812.019, making the same offense a second-degree felony. The proper degree was not ascertained at the sentencing hearing, and the conviction was scored as a second-degree felony.
The only guidance we find applicable to this issue is contained in the Committee Note to Rule 3.701(d)(5), Fla.R.Crim.P., which states:
Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.
We agree with appellant that the 1976 conviction should have been scored as a third-degree felony. Since defendant had four other third-degree felonies, and the scoresheet does not count more than four convictions, the 15 points should be removed.
Appellant's second sentencing issue is similar to the first. Under section (B) of the scoresheet, appellant was assigned 8 prior convictions for category 6 offenses at 5 points each, for a total of 40 points. As to one of these prior convictions, occurring on November 16, 1982, the record indicates that the State Attorney was unable to determine whether the offense was resisting arrest or shoplifting. The trial judge noted that, while shoplifting would constitute a category 6 offense, resisting arrest would not. Although the proper offense was never determined, the conviction was included on appellant's scoresheet. Basing our reasoning again on the Committee Note cited above, we agree with appellant that the 5 points should be removed.
Appellant, finally, argues that four of the category 6 convictions were misdemeanors and, as these were already counted as prior misdemeanor convictions in section (A) of the scoresheet, their inclusion in section (B) would result in impermissible "double scoring." We find appellant's last argument to be without merit. Although appellant points out that Minnesota's sentencing guidelines limit the number of misdemeanors which can be scored as prior offenses, Florida's guidelines contain no such provision. In fact, we would note that Rule 3.988, Fla.R.Crim.P., has been recently amended to raise the number of prior convictions, including misdemeanors, which may be scored. Although this revision was not in effect at the time of the sentencing hearing below, it would suggest a policy different from that of the Minnesota Guidelines.
Accordingly, the conviction is affirmed; the sentence is reversed, and the cause is remanded for resentencing with instructions to reduce the total number of points under the sentencing guidelines from 107 to 87.
*585 AFFIRMED in part; REVERSED in part; and REMANDED.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.