476 So.2d 786 (1985)
Richard D. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-472.
District Court of Appeal of Florida, First District.
October 17, 1985.
Michael E. Allen, Public Defender, Terry P. Lewis, Special Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant raises numerous points seeking reversal of a conviction and sentence for armed robbery and conspiracy to commit armed robbery. We affirm, addressing only the issue of whether the trial court erred in scoring previous convictions on appellant's sentencing guidelines scoresheet.
At the sentencing proceeding, defense counsel objected to the scoring of two prior 1975 burglary convictions as second-degree felonies, arguing that they should be scored as classified under present law: third-degree felonies. Appellant had previously been convicted of two burglaries, which at the time of their commission in March 1975, were classified by Section 810.01(2), Florida Statutes (1973), as second-degree felonies. The repeal of Section *787 810.01, Florida Statutes (1973), and the addition of section 810.02(3), effective July 1, 1975, reclassified appellant's burglaries from second-degree felonies to third-degree felonies. Chapter 74-383, Sections 31, 66-67, Laws of Florida. If the trial court had scored appellant's 1975 burglary convictions as third-degree felonies, his scoresheet point total in the instant case would have been reduced from 201 to 138, placing him in the 5 1/2-7 years recommended range. The trial court instead, however, scored the convictions as second-degree felonies, placing appellant in the 9-12 years recommended range, and sentenced him to concurrent ten and five year terms of incarceration.
Appellant, citing Pugh v. State, 463 So.2d 582 (Fla. 1st DCA 1985), argues that his prior convictions should be scored in accordance with the severity that the legislature presently places upon them, by virtue of the degree of felony classification. Pugh is distinguishable from the case at bar. The instant appellant asserts that his prior convictions should be scored as classified by the legislature subsequent to the commission of his crimes, but in Pugh this court found that the appellant's prior conviction should be scored as classified when he committed the crime. Consistent with the result reached in Pugh, the classification in effect at the time of appellant's prior convictions should control any later scoring of those convictions. We believe this approach provides certainty and relieves the sentencing judge of the often difficult task of analyzing a legislature's reasons for changing an offense's classification.[1]
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] The Committee Note to Florida Rule of Criminal Procedure 3.701(d)(5) states in pertinent part:

Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.