507 So.2d 761 (1987)
Doyal Powell ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. BP-205.
District Court of Appeal of Florida, First District.
May 21, 1987.
Doyal Powell Roberts, in pro. per.
Robert A. Butterworth, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which his Florida Rule of Criminal Procedure Rule 3.800 motion to correct and/or reduce sentence was denied. Appellant raises three points on appeal: 1) whether the trial court erred in denying his motion where points were assessed on the sentencing *762 guidelines scoresheet for two prior second degree felony convictions instead of one; 2) whether the trial court erred in denying his motion where the trial court failed to attach portions of the record to its order; and 3) whether the trial judge erred in not recusing himself. We affirm as to appellant's second and third issues. We find the record does not indicate with sufficient certainty that a prior offense for which appellant was convicted in 1970 was a second degree felony. Because of the presumption that any uncertainty in the scoring of a prior record on the sentencing guidelines scoresheet is to be resolved in favor of the defendant, we reverse.
Following a jury trial, appellant was convicted of sexual battery by threatening to use force likely to cause serious personal injury, in violation of section 794.011(4)(b), Florida Statutes, and burglary of a dwelling with intent to commit an assault, in violation of section 810.02, Florida Statutes. The trial court sentenced appellant within the sentencing guidelines to 27 years incarceration. In his Rule 3.800 motion to correct and/or reduce sentence, appellant alleged the sentencing guideline scoresheet was calculated in error because points were assessed under the category of prior offenses for two second degree felony convictions. Appellant contends he has only one prior second degree felony conviction, and that a corrected scoresheet would reduce his presumptive sentence from the 22 to 27 years incarceration range to the 17 to 22 years incarceration range. The trial court summarily denied appellant's motion. Appellant on September 15, 1986, filed a pro se notice of appeal and, apparently on the same day, a motion for rehearing. The trial court on October 10, 1986, ruled that it was without jurisdiction to consider the motion for rehearing because the cause already was pending on direct appeal in this court. The state moved to supplement the record on appeal with the presentence investigation report on which the trial court had based its denial of appellant's motion. This court relinquished jurisdiction to allow the trial court to supplement the record, and the trial court on January 20, 1987, issued an order by which it attached the presentence investigation report to the order on appeal. The presentence investigation report lists two prior breaking and entering offenses for which appellant was convicted.
Prior convictions scored on the sentencing guidelines scoresheet are to be classified as they were at the time of the convictions. Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985); Pugh v. State, 463 So.2d 582 (Fla. 1st DCA 1985). The presentence investigation report states that appellant was adjudicated guilty on July 9, 1970, of one count of breaking and entering and one count of aggravated assault, for which the court sentenced him to one year probation and a $250 fine on each count, with the sentences to run concurrently. Ch. 810, Florida Statutes (1969), included two breaking and entering a dwelling offenses. Section 810.01(2), breaking and entering a dwelling with intent to commit a felony, was punishable by imprisonment not exceeding 20 years. Section 810.05, breaking and entering a dwelling with intent to commit a misdemeanor, was punishable by imprisonment not exceeding five years. In 1971 sections 810.01 and 810.05 were amended, and the two offenses were classified as a second degree felony and a third degree felony, respectively. Ch. 71-136, Laws of Florida. The Committee Note to Florida Rule of Criminal Procedure 3.701(d)(5) provides that any uncertainty in the scoring of a defendant's prior record is to be resolved in favor of the defendant. Because the presentence investigation report does not indicate under which statute appellant was convicted in 1970, we find that offense should not be scored as a second degree felony on the sentencing guidelines scoresheet.
As to appellant's second issue on appeal, Florida Rule of Criminal Procedure 3.800, unlike Florida Rule of Criminal Procedure 3.850, does not require the lower court to attach portions of the record to conclusively show that a prisoner is not entitled to the relief sought. Further, this issue is moot as the lower court supplemented the record on appeal with the presentence *763 investigation report on which it relied in denying appellant's motion.
Florida Rule of Criminal Procedure 3.230(b) provides that every motion to disqualify a judge shall be in writing and accompanied by two or more affidavits setting forth facts relied upon to show the grounds for disqualification. Appellant's affidavit in support of his motion to mitigate does not meet the requirements of this rule in that appellant did not request the judge to recuse himself and did not include the required affidavits.
Accordingly, the order is reversed and the case remanded for resentencing.
SMITH and SHIVERS, JJ., concur.