515 So.2d 1061 (1987)
Edward FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-333.
District Court of Appeal of Florida, Fifth District.
November 25, 1987.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Edward Frazier appeals four judgments and sentences for burglary of a dwelling, five burglaries of a structure and two grand thefts. His guideline scoresheet totaled 182 points, resulting in a recommended sentence of 12 to 17 years. The trial judge sentenced Frazier to 17 years imprisonment to be followed by 30 years probation.
Frazier argues that the following five misdemeanors should not have been scored:

A. Violations of the Financial Responsibility Law.

At his sentencing hearing, Frazier objected to scoring two 1975 violations of the Financial Responsibility Law on the basis that they are not considered misdemeanors at the present time. This argument is without merit. In Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985), the court held that a defendant's prior conviction should be scored as it was classified at the time he committed the crime. Here, section 324.221(2), Florida Statutes (1973), provided that any person who violated Chapter 324, the Financial Responsibility Law of 1955, for which no penalty was otherwise provided, was guilty of a misdemeanor of the second degree. It should also be noted that section 324.221(2), Florida Statutes (1985), provides for the same penalty.[1]

*1062 B. Traffic Violations.

Frazier objected to scoring two 1974 traffic convictions, one for speeding and one for failure to drive in a single lane, as prior misdemeanors. Frazier argues that these offenses went from criminal to civil between 1973 and 1975 and since the offenses involved were not crimes at the time of sentencing, they should not have been scored on the scoresheet. This argument is without merit. Chapter 74-377, Laws of Florida (1974), provided for the decriminalization of certain traffic violations, including the ones involved here. However, the effective date of the Act was January 1, 1975. Since Frazier's traffic offenses were committed prior to the effective date of the Act, they were classified as criminal offenses, see section 316.026, Florida Statutes (1973), and were properly scored as misdemeanors on his scoresheet. Johnson.

C. A.W.O.L.

Frazier contends that the trial court erred in scoring a 1971 A.W.O.L. from Fort Holabird, Georgia, as a misdemeanor.
Florida Rule of Criminal Procedure 3.701(d)(5)(a) defines "prior record" as follows:
5.a) `Prior record' refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions.
1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statutes.
3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
Frazier argues that there is no Florida Statute analogous or parallel to a military A.W.O.L. offense and accordingly this should not have been included in his scoresheet.
10 U.S.C. section 886 provides as follows:
Art. 86. Absence without leave
Any member of the armed forces who, without authority,
(1) fails to go to his appointed place of duty at the time prescribed;
(2) goes from that place; or
(3) absents himself or remains absent from his unit, organization, or place of duty at which he is required to be at the time prescribed;
shall be punished as a court-martial may direct.
Under the Uniform Code of Military Justice, absence without leave, depending on the circumstances, may be punishable by a dishonorable discharge with forfeiture of all pay and allowances, bad conduct discharge with forfeiture of all pay and allowances, or confinement at hard labor not to exceed one year. 10 U.S.C. § 856.
The state points out that the Uniform Code of Military Justice and the manual for courts martial have been adopted for use by the state militia. See § 250.35, Fla. Stat. (1985). The state further argues that an A.W.O.L. offense is analogous to section 901.11, Florida Statutes, involving the effect of not answering a summons or section 944.40, Florida Statutes, governing escapes.
Section 901.11 provides as follows:
Effect of not answering summons.  Failure to appear as commanded by a summons without good cause is an indirect *1063 criminal contempt of court and may be punished by a fine of not more than $100. When a person fails to appear as commanded by a summons, the magistrate shall issue a warrant. If the magistrate acquires reason to believe that the person summoned will not appear as commanded after issuing a summons, he may issue a warrant.
Section 944.40 provides as follows:
Escapes; penalty.  Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s.775.082, s.775.083, or s.775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The language of rule 3.701(d)(5) indicates that the sentencing guidelines intended to score only conduct that would be criminal in Florida and to treat that conduct as it would be treated in Florida; otherwise, there would have been no need to find the analogous or parallel statute. The offense of indirect criminal contempt for failure to answer a summons and the offense of escape arise under entirely different circumstances and are not equal or similar to the offense of being absent without leave in the military. Being absent without leave is clearly a breach of military discipline and regulations but that parallel activity in the state of Florida does not appear to constitute a crime. Rather, it appears analogous to a breach of employment contract or duty. See Goggin v. California State Personnel Board, 156 Cal. App.3d 96, 202 Cal. Rptr. 587 (2 Dist. 1984) (automatic resignation from state employment occurs when a state employee is absent without leave for more than five consecutive working days).
Since the state has failed to establish an analogous or parallel Florida statute for the offense of being A.W.O.L., this offense should not have been scored. Without the A.W.O.L. offense, Frazier's score would have been one hundred eighty points, with a recommended guidelines sentence of nine to twelve years. As this is lower than the guidelines sentence that was imposed, Frazier is entitled to be resentenced.
Judgments AFFIRMED, sentences REVERSED and cause REMANDED for resentencing.
ORFINGER and SHARP, W., JJ., concur.
NOTES
[1] On appeal, Frazier also seems to raise the issue that his particular violations of the Financial Responsibility Law may have had civil, rather than criminal, penalties. This point, however, was not raised below at his sentencing hearing.