DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NAKIA JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3557

[January 4, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562015CF002667A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We affirm the revocation and termination of probation in circuit court case number 2015-CF-2667 in all respects. We write to address two sentencing issues.

In April 2017, appellant pleaded no contest to shooting or throwing a deadly missile, a second-degree felony. He was sentenced as a youthful offender to four years in the Department of Corrections, followed by two years of probation, along with certain court costs to which he agreed. His sentence ran concurrently to another sentence, imposed on the same day, for burglary of a conveyance, two counts of grand theft, and loitering; these crimes were committed in 2015. Appellant did not file an appeal.

In March 2020, appellant was charged with a violation of probation due to an arrest on felony charges. He admitted to violating his probation and entered an open plea to the court.

A scoresheet was prepared which listed the burglary, grand theft, and loitering convictions as "prior record." The burglary conviction and two grand theft convictions were scored as third-degree felonies and the loitering and prowling charge was scored as a misdemeanor. This scoring added 4.2 points to the scoresheet. As calculated on the scoresheet, appellant's lowest permissible sentence was 13.65 months and his maximum sentence was 15 years.

The circuit judge sentenced appellant to 14 years in the Department of Corrections and entered a final judgment imposing a total of $1,798.98 in fees, costs, and additional charges.

We have carefully reviewed the judge's comments at sentencing and conclude that the record does not demonstrate a vindictive sentence under *Wilson v. State*, 845 So. 2d 142 (Fla. 2003). Nor do we read the judge's words as indicating that he gave sentences proportional to the time, effort, and expense which defendants cause the state to incur. Rather, the court pointed out the reality of the plea bargaining process, where defendants are incentivized by the possibility of receiving lower sentences. This is not a case where a defendant was penalized for maintaining his innocence, like the cases cited in the appellant's brief. *See, e.g.*, *Colon v. State*, 53 So. 3d 376 (Fla. 5th DCA 2011).

Appellant asserts that the scoresheet utilized by the court at the time of his sentencing on the VOP was incorrect because it improperly scored two prior convictions for grand theft. He contends that these convictions should have been scored as misdemeanors instead of third-degree felonies.

Appellant's prior theft convictions were pursuant to section 812.014(2)(c)1., Florida Statutes. In 2015, section 812.014(2)(c)1. made it a third-degree felony to steal property "[v]alued at $300 or more, but less than $5,000." § 812.014(2)(c)1., Fla. Stat. (2015). This subsection was subsequently amended, effective October 1, 2019, to increase the threshold for a theft to qualify as a felony. Ch. 2019-167, § 36, Laws of Fla. The amendment made it a third-degree felony to steal property "[v]alued at $750 or more, but less than $5,000." *Id.* The penalty for theft of property "[v]alued at $100 or more, but less than $750" became a first-degree misdemeanor. *Id.*

Appellant argues that because his prior grand theft convictions establish only that he stole at least $300, the convictions should have been scored as first-degree misdemeanors under the current version of the statute, not as third-degree felonies.

We reject that argument and hold that, because appellant's grand theft convictions were classified as third-degree felonies at the time of his 2017 convictions, they were properly scored as felonies on the scoresheet.

This case is similar to *Johnson v. State*, 476 So. 2d 786 (Fla. 1st DCA 1985), involving the sentencing guidelines, the predecessor to the current Criminal Punishment Code.

In *Johnson*, defense counsel objected to the scoring of two prior burglary convictions as second-degree felonies, arguing that they should be characterized as third-degree felonies, their classification at the time of the sentencing there at issue. *Id.* at 786. The *Johnson* defendant had previously been convicted of two burglaries, which at the time of their commission fell under section 810.01(2), Florida Statutes, as second-degree felonies. *Id.* That statute was later repealed, and section 810.02(3) was implemented, which reclassified appellant's burglaries from second-degree felonies to third-degree felonies. *Id.*

On appeal, the *Johnson* defendant argued that his prior convictions should be scored in accordance with how they were reclassified by the legislature after the commission of his crimes. *Id.* The First District held that "the classification in effect at the time of appellant's prior convictions should control any later scoring of those convictions," explaining, "[w]e believe this approach provides certainty and relieves the sentencing judge of the often difficult task of analyzing a legislature's reasons for changing an offense's classification." *Id.* at 787; *see also Roberts v. State*, 507 So. 2d 761, 762 (Fla. 1st DCA 1987) ("Prior convictions scored on the sentencing guidelines scoresheet are to be classified as they were at the time of the convictions."); *Frazier v. State*, 515 So. 2d 1061, 1061 (Fla. 5th DCA 1987) (rejecting appellant's argument that his prior convictions should not have been scored as second-degree misdemeanors "on the basis that they are not considered misdemeanors at the present time"); *Pugh v. State*, 463 So. 2d 582, 584 (Fla. 1st DCA 1985).

The logic of the sentencing guidelines cases is applicable to control the scoresheet classification argument raised in this case. It is undisputed that the grand theft convictions were classified as third-degree felonies at the time of appellant's conviction and sentencing.

We distinguish *Perdue v. State*, 333 So. 3d 207 (Fla. 4th DCA 2022), upon which appellant relies. That case involved the scoring of a prior conviction for "an offense involving lewd conduct," but the record was silent as to which statutory subsection was implicated. *Id.* at 207. Unlike *Perdue*, in this case there was no confusion concerning the subsection of

3

the statute involved in the prior convictions.  There was thus no need to engage in a "same elements" analysis to determine how the convictions should be scored.

Finally, as the state concedes, the trial court erred by imposing a $200 cost of prosecution because the state did not request a higher amount or present sufficient proof to support the cost.  *See Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021).  We reverse the $200 cost of prosecution and remand for the imposition of a $100 cost.

*Affirmed in part, reversed in part and remanded.*

LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**