KEITH WAYNE BROWN AND RONNIE DICKERSON *v.* STATE OF INDIANA

[No. 3-578A128. Filed October 18, 1978.]

*Robert B. Leopold,* of Munster, for appellants.

*Theodore L. Sendak,* Attorney General of Indiana, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GARRARD, P.J. — Appellants Brown and Dickerson were convicted of committing robbery while armed with a deadly weapon, a class B felony. IC 35-42-5-1.

Both allege that a sawed off 16 gauge shotgun was procured through an illegal search and was improperly admitted in evidence over their objection. Dickerson additionally urges that as to him reversal is necessary because the state failed to introduce evidence establishing that he was over sixteen years of age when the offense was committed.

*I. Enhanced Penalty*

Under our prior criminal law robbery was defined by IC 35-13-4-6 (repealed) and carried a penalty of not less than ten nor more than twenty-five years. A separate statute, IC 35-12-1-1, provided for a determinate penalty of not less than ten nor more than thirty years for any person, who being over the age of sixteen years, committed or attempted to commit a felony while armed with a dangerous or deadly weapon.

Interpreting these statutes our Supreme Court held that the age of the defendant was a necessary element of proof to sustain a conviction under IC 35-12-1-1, *Robbins v. State* (1971), 257 Ind. 273, 274 N.E.2d 255, and that despite the statutory language to the contrary, robbery constituted a lesser included offense to committing a felony while armed. *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815.

However, our state enacted a new criminal code which became effective on October 1, 1977. Under the new code the concept of committing a felony while armed as constituting a separate offense was discarded in favor of providing enhanced penalties to certain crimes for what the legislature deemed to be aggravating circumstances.

Thus, the present robbery statute, IC 35-42-5-1 provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person;

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear;

commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person." Acts 1977, P.L. 340, § 39.

In so doing the legislature chose to eliminate the element of age as a condition for enhancing the penalty.

The crime in question was committed on October 13, 1977, and was properly prosecuted under the new code. Hence, there was no need to establish Dickerson's age in order to constitute his offense a class B felony.

## II. Legality of Search

Both defendants assert that the shotgun which police discovered in the trunk of an automobile should have been suppressed as the fruit of an illegal search. The evidence at the suppression hearing which favors the court's ruling follows.

The robbery occurred at a gas station in Gary shortly before 4:00 a.m. Officers Rodriguez and Eccelanto arrived at the station in separate cars

minutes later. Armed with a description of the robber's vehicle as a maroon 1966 or 1967 Buick, Officer Rodriguez left the station to see if the car could be located. Officer Eccelanto remained at the station where he learned from the attendant that the robbers had taken money, which had been placed in a brown bank bag, a black portable AM-FM radio, and several cartons of cigarettes.

About thirty minutes after the robbery, Officer Rodriguez observed a vehicle matching the description of the Buick and turned to follow it. When he did so the Buick speeded up and soon turned onto a different street. When Rodriguez turned the corner he saw the Buick stop at the curb and observed its light go out. When he stopped next to the Buick he could see no one around the vehicle or in the area. He shined his flashlight into the Buick and observed a brown bag, a black portable radio and two cartons of cigarettes. He reported this to police headquarters by radio.

Officer Eccelanto then arrived, entered the car and secured the bag, radio and cigarettes. He then opened the trunk of the Buick where the shotgun was discovered.[1]

From these facts it is clear that when the trunk was opened the officers had probable cause for the search. In addition, under the circumstances they were not required to procure a warrant before conducting the search. *Johnson v. State* (1975), 163 Ind.App. 684, 325 N.E.2d 859. The evidence was properly admitted.

The convictions are affirmed.

Hoffman, J. and Chipman, J. concur.

NOTE — Reported at 381 N.E.2d 500.

---

1. The officers discovered that the trunk lock had been "punched." The trunk was opened by inserting a screwdriver in the hole and tripping the latch.