PER CURIAM.
For his conviction of burglary the trial court sentenced appellant to three years’ incarceration. Appellant contends this was error in that the trial judge scored two North Carolina convictions as felonies when, in fact, they were classified as misdemeanors in North Carolina.
Rule 3.701(d)(5)(a), provides in part:
a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant offense. Prior record includes all prior Florida, Federal, out-of-state, military, and foreign convictions.

2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
3) When unable to determine whether an offense at conviction is a felony or misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
(emphasis added).
An examination of the record evidence of the North Carolina statutes under which appellant was convicted demonstrates that those crimes are analagous or parallel to the Florida statute on trespass, which is a misdemeanor. Therefore, section 3.701(d)(5)(a) would mandate that those crimes be scored as misdemeanors. Furthermore, at the very least, there is some doubt about whether the North Carolina crimes are felonies or misdemeanors and thus they should have been scored as misdemeanors per subsection (3) of the rule.
Accordingly, the sentence is reversed and the cause remanded with directions to recalculate the appropriate sentence.
REVERSED AND REMANDED, with directions.
DOWNEY, HERSEY and BARKETT, JJ., concur.