482 So.2d 580 (1986)
Todd William ROBBINS, a/K/a James Allen Watson, Appellant,
v.
STATE of Florida, Appellee.
No. 85-689.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a guidelines sentence. Appellant contends that the trial court erred in relying upon disputed hearsay statements in the pre-sentence investigation report in determining the degree of prior felony convictions. We agree and vacate the sentence.
At the sentencing hearing a dispute arose over how to score two prior convictions of burglary which occurred in Virginia. The convictions were called "statutory burglaries" under Virginia law. The parties agreed that if the "statutory burglaries" were burglaries of a dwelling then they would be scored as second degree felonies and if the burglaries were burglaries of a structure they would be scored as third degree felonies. The difference in the degree results in a one cell difference in the recommended range on the scoresheet. *581 The defense objected to the hearsay statement in the P.S.I. and specifically disputed that portion of the report which represented the burglaries to be of dwellings. The court found that the burglaries in Virginia were burglaries of dwellings, based on the pre-sentence report, and scored the prior convictions as second degree felonies.
The State concedes that the issue was preserved for appeal and that the State offered nothing to corroborate the statement in the P.S.I. that the burglaries had involved dwellings. When the defendant disputes the truth of specifically identified statements in a P.S.I., the trial court must require the State to corroborate those statements. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
The Virginia statute which the State now suggests is controlling was not before the trial court. However, it is apparent that under the Virginia statute the Virginia convictions could correspond to either second degree or third degree felonies under Florida law, depending upon the facts surrounding the offenses. Florida Rule of Criminal Procedure 3.701(d)(5)(a)(2) and (3) provide:
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.
3) When unable to determine whether an offense at conviction is a felony or misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony. [Emphasis added].
The committee note to this section provides, "Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge." Thus, because the hearsay statement in the P.S.I. was disputed and there was uncertainty over how to score the "statutory burglaries," either the State should have been required to produce corroborating evidence reflecting the facts of the Virginia crimes or the uncertainty should have been resolved in favor of the defendant by scoring the Virginia burglaries as third degree felonies. See Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985).
The sentence is vacated and the cause is remanded for resentencing, with directions to require the State to corroborate the precise nature of the prior Virginia convictions or else to score them both as third degree felonies.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.