BARFIELD, Judge.
Following the entry of a plea of nolo contendere with the understanding that sentence would be imposed within the guidelines, James Abbott was sentenced to twelve years in prison. Abbott appeals his sentence, alleging error by the trial court in calculating the appropriate guideline range. We reverse.
A sentencing guidelines scoresheet was prepared by a probation officer. At the time of sentencing, Abbott’s counsel objected to the scoring of a 1974 Connecticut conviction for assault as a felony. The probation officer’s inclusion of the assault conviction as a felony was predicated on his belief that a two year period of probation could only be awarded for a felony offense. The trial judge accepted this determination and told defense counsel that if defense counsel could determine that the Connecticut offense was a misdemeanor, he would mitigate the sentence.
It was the trial judge’s responsibility to ascertain the accuracy of the scoresheet. A review of Connecticut law indicates that of eleven assault offenses, five are misdemeanors. Of those five, at least two authorize probation for as much as three years. Connecticut General Statutes 53a-61 and 53a-62.
By scoring the Connecticut conviction as a felony, an increase of 27 points, the guideline range is increased from 7-9 years to a range of 9-12 years.
The sentence is REVERSED and the ease REMANDED to the trial court for consideration of an appropriate sentence pursuant to Florida Rules of Criminal Procedure 3.701(d)(1) and 3.701(d)(5)(a)(2-3).
REVERSED.
BOOTH, C.J., and WIGGINTON, J., concur.