489 So.2d 873 (1986)
Floyd Edwin NOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. BK-400.
District Court of Appeal of Florida, First District.
June 10, 1986.
Michael Allen, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
Noland appeals from a sentence imposed following entry of a guilty plea to one count of forgery and one count of uttering a forged check. Two points have been raised for our review. First, whether the trial court erred in scoring two prior theft convictions from Indiana as felonies on Noland's guideline scoresheet. Secondly, whether the trial court erred in assessing court costs against Noland, who is an indigent, instead of ordering community service hours. We reverse.
Rule 3.701(d)(5)(a)(2), Fla.R.Crim.P., provides:
When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
The theft of property with a value less than $100 in Florida is a misdemeanor. Section 812.014(2)(c), Florida Statutes (1983). The Indiana statute under which *874 Noland was convicted for a theft involving $25 worth of property and a theft involving $46 worth of property provides that the theft of any property, without regard to value, is a "Class D Felony," Chapter XX-XX-X-X(a), Ind.Stat.Ann., punishable by two years in prison. Nonetheless, according to the cited rule the Indiana thefts should have been scored as misdemeanors because petit theft is a misdemeanor in Florida.
Likewise, the two Indiana thefts were incorrectly used as prior theft offenses in Part III B (Prior convictions for Category 6 offenses  Thefts, forgery, fraud) of Noland's scoresheet. Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985) (sentencing guidelines calculation of prior misdemeanor convictions as same-category offenses is improper inasmuch as the guidelines themselves apply only to felonies, and misdemeanors cannot be scored as primary offenses at conviction). Therefore, we vacate Noland's sentence and remand the cause for entry of a new sentence in accordance with the guidelines and this opinion.
Section 27.3455(1), Florida Statutes (1985), provides:
All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage. .. .
Noland was adjudged insolvent after his arrest and was represented in the trial court by the local public defender. During the sentencing hearing, counsel for Noland made an oral motion that the court substitute a term of community service in lieu of the $200 court costs imposed. The trial judge responded he was not sure whether Noland was indigent to the point he could not pay $200, since he would be going to work in prison. This ruling was plainly contrary to the law.
We remand this cause to the trial court with directions that it correct Noland's sentence to show an imposition of community service in lieu of the $200 court costs. Additionally, we direct the trial court to order the Department of Corrections to allow Noland all appropriate gain-time in light of the corrected sentence.
Reversed and remanded.
WENTWORTH, J., concurs.
NIMMONS, J., specially concurs with opinion.
NIMMONS, Judge, specially concurring.
I concur in Judge Mills' opinion as to each issue. However, as to the court costs issue, raised under Section 27.3455(1), Florida Statutes (1985), I would point out certain additional facts which have led me to the same conclusion as Judge Mills.
At the conclusion of the sentencing hearing, after Noland's public defender orally moved the Court to substitute a term of community service in lieu of the $200 court costs, the Court made the following inquiry concerning Noland's indigency:
BY THE COURT: Are you indigent to the point, where you can't pay $200?
BY THE DEFENDANT: At this time, Your Honor, I am.
BY THE COURT: You don't have any money, whatsoever?
BY THE DEFENDANT: No, Your Honor.
BY THE COURT: Well, I will leave it as it is, both of you check it out, you know my feelings about that cost, anyway, but both of you check it out and we will see, if I have to amend it.
The only subsequent action reflected by the record herein bearing upon the issue of Noland's indigency is an order entered three weeks later appointing the public defender for purposes of appeal, in which order the Court observed that the defendant appeared to continue to be indigent.