503 So.2d 984 (1987)
Roger Frank ARMONTROUT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-893.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Roger Armontrout appeals a judgment of guilt and the sentence for grand theft in the second degree in violation of section 812.014, Florida Statutes (1985), imposed after jury trial.
As to the judgment of guilt, we find no error and affirm, but reverse the sentence and remand for resentencing. At sentencing, Armontrout alleged that three errors existed in the scoresheet. First, a California offense was scored as a felony when it was actually a misdemeanor; second, he was not convicted for a misdemeanor offense of "burning things not subject to arson"; and third, he never went to court on another misdemeanor charge for assault. If error occurred on any one of these three issues, then Armontrout's sentence would fall within the next lower range. The state requested an opportunity to prove the prior convictions that were contested, however, the trial court took it upon itself to refute defendant's allegations and ruled that if it erred in sentencing then Armontrout would not be resentenced after appeal because he would automatically receive a four and one-half year sentence.
This court has repeatedly held that when the defendant disputes the truth of specifically identified statements in a presentence investigation report the trial court must require that the state *985 corroborate those statements. Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986); Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). Armontrout contends that he never went to court on the assault charge, however, the presentence investigation clearly shows that he was adjudicated guilty of disorderly conduct which is also a misdemeanor. On the second point, Armontrout asserted that he had never been convicted of the "burning things not subject to arson" charge. The state admits that it cannot dispute the assertion relating to this charge and states that if reversal is required then they should have an opportunity to corroborate the presentence investigation allegation. The third issue is whether the California offense for taking a motor vehicle was properly scored as a felony. Florida Rule of Criminal Procedure 3.701(d)(5)(a)(5) provides that out of state convictions shall be scored by analogous or parallel Florida Statutes. In Florida the taking of a motor vehicle is a felony under section 812.014(2), Florida Statutes (1985). At sentencing, the state argued that if Armontrout was given one year imprisonment and five years probation in California for the unlawful taking of the motor vehicle then the sentence would make the crime a felony. The trial court agreed and stated that the theft of a motor vehicle is treated in all jurisdictions as a felony unless it is an attempt or an unauthorized use charge. The presentence investigation report does not reflect whether the unlawful taking of a motor vehicle was a felony or misdemeanor.
The state also argues that since the trial court did not score several other felonies in Armontrout's record that any sentencing error would be harmless. However, we cannot determine from the record why the court did not consider or score these other felonies. We therefore remand for resentencing. The state may then corroborate the disputed scoring and any other felonies not previously scored but properly includible.
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
COBB and SHARP, JJ., concur.