ZEHMER, Judge.
Defendant appeals his sentence for armed robbery, claiming his scoresheet was improperly calculated.
On April 30, 1986, while serving a sentence for DUI, defendant confessed to robbing a convenience store on July 19, 1985. During the armed robbery, approximately $141 was taken and the store clerk was injured during a struggle in which defendant hit her “more than one time with the firearm he had used to rob her, causing injury to the claimant’s head”. Defendant was subsequently charged by information with robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (1985).
Defendant pled guilty to armed robbery on the condition that he receive a sentence within the guidelines range. Defendant’s point total was 158, calling for a presumptive sentence of seven to nine years’ incarceration. Of the 158 points, 14 were scored for victim injury, 17 for “legal constraint at the time of the offense,” and 24 for prior misdemeanor convictions. Trial counsel made no objection to these calculations, and the court sentenced defendant to eight years’ imprisonment. On appeal defendant contends he was incorrectly assessed 43 points and that his guidelines score should have been 115, not 158, thus placing him in the recommended sentencing range of four and one-half to five and one-half years.
Victim injury is not an element of armed robbery; therefore, it was incorrect to score 14 points on defendant’s guidelines scoresheet for victim injury. Fla.R.Crim.P. 3.701(d)(7). This court has held that, since “victim injury is limited to physical trauma and is not a necessary element of appellant’s armed robbery offense it is not subject to inclusion in the sentencing guidelines computations for that offense,” and that the “issue is cognizable on appeal even though no objection was interposed below.” Brown v. State, 474 So.2d 346, 347 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986). See also Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985) (victim-injury points should not be scored under the guidelines for the crime of robbery). This error is apparent from the “four corners of the record” and thus cognizable on appeal. State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
When victim injury is not scored, it may be used as a reason for departure from the guidelines. Self v. State, 487 So.2d 391 (Fla. 1st DCA 1986). In this case, if victim injury is proven the trial court may be able to validly depart from the guidelines. Since the defendant’s guilty plea was conditioned on being sentenced within the guidelines, however, he must be given the opportunity to withdraw his plea if the court should so depart.
*1088 Defendant also argues that points were improperly assessed for legal constraint and that he had four previous misdemeanor convictions, not seven. This appears to be the kind of situation contemplated by the supreme court in Dailey v. State, 488 So.2d 532 (Fla.1986). In Dailey the court stated that it is “incumbent upon defense counsel to raise, at trial level, any objection to underlying factual matters supporting the factors on the scoresheet.” Id. at 533. It is not clear from the record in this case whether the defendant was under legal constraint at the time of the instant offense, nor is the correct number of previous misdemeanor convictions clear. Further, no objection was made to the point total at the sentencing hearing. These errors “require an evidentiary determination and may not be initially raised in [the appellate] court.” Dailey at 534. Since this case must be remanded for resentencing, however, the trial court should correct any scoresheet errors proven by the parties.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.