SCHOONOVER, Acting Chief Judge.
Appellant, Mark A. Patterson, appeals from the sentence imposed upon him after he was found guilty of theft of a motor vehicle. We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resentencing.
The appellant was found guilty by a jury of the offense of theft of a motor vehicle in violation of section 812.014(2)(b), Florida Statutes (1983). No guidelines scoresheet was introduced into evidence at the appellant’s sentencing hearing, but an assistant state attorney, without objection, informed the court that the appellant’s presumptive sentence was two and one-half to three and one-half years imprisonment. After orally announcing its finding that the appellant was a habitual offender, the court sentenced the appellant to serve five years in the state prison. The court, however, did not state any reasons for departing from the presumptive guidelines range which had been indicated by the assistant state attorney. This timely appeal followed.
On appeal, the state agrees that this case must be remanded for resentenc-ing. Since the court gave no reasons for its departure and habitual offender status clearly is not a valid reason for departure from a presumptive sentence, Whitehead v. State, 498 So.2d 863 (Fla.1986), we remand for sentencing within the guidelines. At resentencing, a proper guidelines score-sheet should be prepared according to Florida Rule of Criminal Procedure 3.701(d)(1) and made part of the record.
Reversed and remanded for resentenc-ing.
HALL and THREADGILL, JJ., concur.