519 So.2d 1138 (1988)
Raymond Earl HEMBREE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2137.
District Court of Appeal of Florida, Second District.
February 12, 1988.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
*1139 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Raymond Earl Hembree, challenges the judgments and sentences imposed upon him after he was found guilty of grand theft and fleeing a police officer. We find no error in connection with the appellant's convictions and, accordingly, affirm the judgments. We find, however, that the appellant's sentences were based upon an inaccurate guidelines scoresheet. We, therefore, reverse the sentences and remand for resentencing.
After a jury found the appellant guilty of grand theft and fleeing a police officer, the trial court adjudicated him guilty of those charges. At the appellant's sentencing hearing, a scoresheet reflecting ninety-three points and a presumptive guidelines sentencing range of four and one-half to five and one-half years imprisonment was presented to the court. When the appellant objected to the scoresheet, the trial court amended it to reflect a total of seventy-six points and a presumptive guidelines sentencing range of three and one-half to four and one-half years of imprisonment. The trial court subsequently sentenced the appellant to a four and one-half year term of imprisonment on the grand theft charge, and to a concurrent one year term of imprisonment on the fleeing a police officer charge. This timely appeal followed.
Since the amended scoresheet reflects an apparent error on its face, the appellant's failure to object after the scoresheet was amended does not foreclose his right to appeal. See Dailey v. State, 488 So.2d 532 (Fla. 1986). The appellant was sentenced for a category six offense. See Fla.R.Crim.P. 3.701(c). His scoresheet, therefore, was required to reflect five additional points for each prior category six felony conviction, in addition to points for his prior record in general. See Fla.R. Crim.P. 3.701(d)(15). The amended scoresheet contains twenty points for four prior category six offenses. In listing the appellant's prior record, however, the scoresheet reflects only three prior felony convictions. Assuming that the three prior felony convictions were all category six offenses, the subtotal for this section of the scoresheet should not have exceeded fifteen points. Additionally, if one of the felonies was not a category six offense, and there is some indication in the record that such is the case, the subtotal for prior category six felony convictions would be ten points, and the appellant's corresponding total guidelines score would be sixty-six points. Such a score would place the appellant in a lower presumptive guidelines range.
The appellant has the right to be sentenced based upon a correct scoresheet. Since he was sentenced under an obviously incorrect scoresheet, we must reverse and remand for resentencing. See Fla.R.Crim. P. 3.701(d)(1); Patterson v. State, 511 So.2d 639 (Fla. 2d DCA 1987). At resentencing, a new scoresheet must be prepared and the court should add only five additional points to the scoresheet for each prior category six felony conviction.
Affirmed in part, reversed in part, and remanded.
LEHAN and THREADGILL, JJ., concur.