THREADGILL, Judge.
John Weakland, convicted of sexual battery and false imprisonment, appeals his sentence to state prison for seventeen years to be followed by probation. He argues that a 1972 conviction for attempted rape in Kansas was scored improperly as a second-degree felony rather than as a third-degree felony, and thus put him in a higher category on the sentencing guidelines scoresheet. We agree and reverse.
The state argues that the attempted rape in Kansas was a Class “C” felony, punishable by up to twenty years in prison, and is comparable to a second-degree felony in Florida, punishable by up to fifteen years in prison. Therefore, the state contends, the offense was properly scored pursuant to 3.701(d)(5)(a)(2), Florida Rules of Criminal Procedure (1987).
We would concur with the state except that the charging document in Kansas stated that the penalty for the attempted rape *312 was to be assessed pursuant to “penalty-sec. 21-4501(e)” which provides a maximum penalty of up to five years in prison. Further, the appellant was sentenced to a term not to exceed five years. The written judgment and sentence also reflected that sentencing was pursuant to penalty section 21-4501(e).
Florida Rule of Criminal Procedure 3.701(d)(5)(a)(3) provides in part that “[wjhere the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.” Additionally, in comments and notes on this rule, the committee stated that “any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant....”
We therefore conclude that because the Kansas record does not indicate with sufficient certainty that the prior offense of attempted rape should be scored as a second-degree felony, the uncertainty should have been resolved in favor of the appellant. See Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987); Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987). Scoring the conviction as a third-degree felony will result in a recommended guideline sentence of nine to twelve years rather than twelve to seventeen years.
Accordingly we reverse and remand for resentencing consistent with this opinion.
SCHEB, A.C.J., and FRANK, J., concur.