DANIEL, Judge.
Michael Anthony Rotz appeals a judgment and sentence for burglary of a structure. Rotz contends that the sentence is illegal because it was partially based on an improperly scored prior Indiana conviction. Florida Rule of Criminal Procedure 3.701(d)(5)(a)(2) requires assignment of the score for the Florida statute analogous to that out-of-state conviction. However, it is not clear from the record under which Indiana statute the defendant was convicted. Thus, we must remand for resentenc-ing for either substantiation of the appropriate Indiana statute[1] to be analogized to Florida law or rescoring as a third rather than second degree felony to give the defendant the benefit of the doubt. See Armontrout v. State, 503 So.2d 984 (Fla. 5th DCA 1987); Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986); and Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
Assuming that the appropriate Indiana robbery statute is the same as that reproduced in Brown v. State of Indiana, 178 Ind.App. 38, 381 N.E.2d 500 (1978), the defendant’s argument that the statute cannot be analogized to Florida’s has no merit. Sentencing guidelines intended to treat “conduct as it would be treated in Florida ...” See Frazier v. State, 515 So.2d 1061 (Fla. 5th DCA 1987). Thus, it is the nature of the prior crime that is to be considered when attempting to find an analogous Florida statute. See Samples v. State, 516 So.2d 50 (Fla. 2nd DCA 1987). The penalty is not the determining factor. Unless the offense defined in the appropriate Indiana statute is significantly different from that in Brown, Rotz’ prior conviction should be scored as a second degree felony as there is no third degree felony in Florida for an analogous robbery offense. See § 812.13, Fla. Statutes (1985).
The judgment is affirmed, the sentence vacated and this cause remanded for resen-tencing consistent with this opinion.
Judgment AFFIRMED; sentence VACATED; and REMANDED.
DAUKSCH and COWART, JJ., concur.

. Scoring of a prior conviction is to be made as that crime was classified at the time it was committed. See Frazier v. State, 515 So.2d 1061 (Fla. 5th DCA 1987); Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985).