524 So.2d 1054 (1988)
Roy Lynn FOREHAND, Appellant,
v.
STATE of Florida, Appellee.
No. BT-110.
District Court of Appeal of Florida, First District.
April 7, 1988.
*1055 Michael E. Allen, Public Defender, and Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Defendant appeals his convictions and sentences for sexual battery with a firearm, aggravated battery with a firearm, aggravated assault by threat of a firearm, and possession of a firearm during the commission of a felony. He raises two issues on appeal, one of which merits discussion.
In accordance with the recommended guidelines, defendant received a life sentence for sexual battery. Defendant contends he was sentenced under an incorrectly computed guidelines scoresheet. The record reveals that defendant's present life sentence is based in part upon a prior life felony conviction for which defendant received 264 points. The defendant contends that although he had a prior conviction for murder, this conviction was improperly scored as a life felony.
The record reveals that defendant was convicted in Texas in 1977 of murder and that he received a sentence of two to eighteen years imprisonment. As a result of the pre-sentence investigation report, the conviction was scored as a life felony. Florida Rule of Criminal Procedure 3.701 d.5.(a)(2) provides that out-of-state convictions should be assigned the score for the analogous or parallel Florida statute. Defendant argues that his Texas conviction could not have been analogous to a life felony conviction in Florida because he received only two to eighteen years imprisonment rather than the mandatory thirty years imprisonment required in Florida for a life felony committed prior to October 1, 1983. Section 775.082(3)(a), Fla. Stat. (1987). Defendant reasons that in order to determine the analogous or parallel Florida statute under Rule 3.701 d.5.(a)(2), a court must look to the sentence received for the out-of-state conviction, convert the out-of-state sentence to a Florida sentence, and then determine the degree of the crime from the sentence imposed. We find such reasoning to be incorrect.
Florida Rule of Criminal Procedure 3.701 d.5.(a)(2) provides that "[w]hen scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute." In order to determine the analogous or parallel Florida statute, a reviewing court must look to the elements of the out-of-state crime. The court should then determine whether Florida has a criminal statute for an analogous or parallel crime. If such a crime exists in Florida, the out-of-state conviction should be scored as a conviction under the analogous Florida statute. See Rotz v. State, 521 So.2d 355 (Fla. 5th DCA 1988); Samples v. State, 516 So.2d 50 (Fla. 2d DCA 1987); Frazier v. State, 515 So.2d 1061 (Fla. 5th DCA 1987); Armontrout v. State, 503 So.2d 984 (Fla. 5th DCA 1987); Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986); Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986); Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985); Arquilla v. State, 464 So.2d 716 (Fla. 4th DCA 1985). But see Weakland v. State, 520 So.2d 311 (Fla. 2d DCA 1988); Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987).
We followed such an analysis in Noland v. State. In Noland, the issue involved the scoring of two prior Indiana convictions. The record disclosed that the defendant had two prior convictions for theft, one involving $25 worth of property and one involving $46 worth of property. In Indiana, theft of any property is classified *1056 as a "Class D Felony." However, in Florida, the theft of property with a value less than $100 is a misdemeanor. The court noted that although the prior convictions were classified as felonies in Indiana, according to Rule 3.701 d.5.(a)(2), "the Indiana thefts should have been scored as misdemeanors because petit theft is a misdemeanor in Florida." 489 So.2d at 874. Similar reasoning was used by the Fourth District Court of Appeal in Arquilla v. State. In Arquilla, the defendant contended that the trial court erred in scoring two prior North Carolina convictions as felonies. The court examined the North Carolina statute under which the defendant was convicted and determined that it was analogous or parallel to the Florida statute on trespass, a Florida misdemeanor. "Therefore, section 3.701(d)(5)(a) would mandate that those crimes be scored as misdemeanors." 464 So.2d at 717.
In Frazier v. State, the defendant contended that the trial court erred in scoring his prior military AWOL conviction as a misdemeanor. Although an AWOL offense, like a misdemeanor offense in Florida, may be punishable by confinement not exceeding one year, the defendant argued, and the court agreed, that there is no Florida statute analogous or parallel to a military AWOL offense and that such an offense should not have been included in defendant's scoresheet. "The language of Rule 3.701(d)(5) indicates that the sentencing guidelines intended to score only conduct that would be criminal in Florida and to treat that conduct as it would be treated in Florida; otherwise, there would have been no need to find the analogous or parallel statute." 515 So.2d at 1063.
In rejecting defendant's argument and adopting the analyses set forth in the above cited cases, we expressly disagree with the decisions of the Second District Court of Appeal in Weakland v. State and Doner v. State. In both of those cases, emphasis is placed on the categorization of the crime in the foreign state and the sentence received by the defendant in the foreign state, rather than on Florida's categorization of the criminal activity that occurred in the foreign state.[1] However, because of the conflict in the case law on this issue, we certify the following question to the Florida Supreme Court:
IN DETERMINING THE ANALOGOUS OR PARALLEL FLORIDA STATUTE FOR THE PURPOSE OF SCORING PRIOR FEDERAL, FOREIGN, MILITARY OR OUT-OF-STATE CONVICTIONS, SHOULD A REVIEWING COURT BASE ITS DETERMINATION ON THE DEGREE OF CRIME IMPOSED AND THE SENTENCE RECEIVED IN THE FOREIGN STATE OR SHOULD A REVIEWING COURT DETERMINE THE ANALOGOUS OR PARALLEL FLORIDA STATUTE BY ASCERTAINING THE ELEMENTS OF THE FOREIGN CONVICTION, DETERMINING WHETHER FLORIDA CONSIDERS SUCH ACTIONS TO BE CRIMINAL AND, IF SO, CATEGORIZING AND SCORING THE FOREIGN CONVICTION AS THE ANALOGOUS OR PARALLEL FLORIDA CRIME WOULD BE CATEGORIZED AND SCORED?
In the instant case, the record reveals only that defendant was convicted of murder in Texas and that he received a sentence of two to eighteen years in prison. Although no objection was made at the sentencing hearing, defendant now argues that it was error to score his prior murder conviction as a life felony.
The Florida Supreme Court has held that sentencing errors producing an illegal sentence or an unauthorized departure *1057 from the sentencing guidelines do not require a contemporaneous objection in order to be preserved for appeal, State v. Whitfield, 487 So.2d 1045 (Fla. 1986). However, sentencing errors must be evident from the record in order for the appellate court to review the sentence absent a contemporaneous objection. Dailey v. State, 488 So.2d 532 (Fla. 1986). Thus, if a sentencing error is apparent from the record and produces an illegal sentence, the error may be raised on appeal without a contemporaneous objection. See Merchant v. State, 509 So.2d 1101 (Fla. 1987) (improper addition of points to scoresheet for prior life felony conviction was apparent from the record because defendant's prior conviction was for second-degree murder, a crime not classified as a life felony); State v. Whitfield, 487 So.2d 1045 (Fla. 1986) (improper addition of points to scoresheet for victim injury was apparent from the record because the defendant had been convicted of aggravated assault, a crime not involving victim injury); State v. Snow, 462 So.2d 455 (Fla. 1985) (trial court's alleged failure to state with individual particularity reasons for retention of jurisdiction over one third of defendant's sentence was determinable from the record); Walker v. State, 462 So.2d 452 (Fla. 1985) (trial court's failure to make findings of fact before sentencing defendant as a habitual offender was apparent from the record); Hembree v. State, 519 So.2d 1138 (Fla. 2d DCA 1988) (scoresheet contained an obvious error where one portion of scoresheet contained a reference to four prior felony convictions while another portion of the scoresheet listed only a total of three prior felony convictions); Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987) (trial court's failure to credit defendant's hours of community service against court costs assessed was apparent from the record); Johnson v. State, 506 So.2d 1086 (Fla. 1st DCA 1987) (improper addition of points for victim injury was apparent from the record because the defendant had been convicted of armed robbery, a crime not involving victim injury); Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987) (trial court's error in departing from the sentencing guidelines without giving clear and convincing reasons was apparent from the record).
An error in a guidelines scoresheet may not be raised for the first time on appeal if the alleged error is based on underlying and unresolved factual matters which are not determinable from the record. Dailey v. State, 488 So.2d 532 (Fla. 1986) (defendant's contention that points for legal constraint and victim injury were improperly added to his scoresheet presented factual matters not determinable from the record); Johnson v. State, 506 So.2d 1086 (Fla. 1st DCA 1987) (defendant's claim that he had four, not seven, misdemeanor convictions and his claim that he was not under legal constraint presented factual matters which were not clear from the record); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987) (defendant's claim that he had only one prior felony conviction, rather than the three prior felony convictions referenced on his scoresheet, was not evident from the record); Senior v. State, 502 So.2d 1360 (Fla. 5th DCA), rev. denied, 511 So.2d 299 (Fla. 1987) (prosecution's contention that defendant had an additional prior felony conviction that had not been scored was an evidentiary matter which was not apparent from the "four corners" of the record of the initial sentencing).
In this case, defendant argues that the error is apparent from the record because he only received a sentence of two to eighteen years, while a life felony in Florida would result in a mandatory thirty-year sentence. However, as stated earlier, in determining the analogous or parallel Florida statute, emphasis is placed on the elements of the out-of-state conviction rather than on the punishment that was received in the foreign state. Frazier v. State, 515 So.2d at 1063. A review of the record in this case reveals no facts pertaining to the Texas murder conviction. Thus, it is not apparent from the record whether the analogous or parallel Florida crime would or would not be classified as a life felony. Certainly, depending on the facts surrounding the offense, some types of murder may be classified as life felonies. Because the alleged error is not apparent from the record, defendant's failure to object during his sentencing hearing is fatal to his appeal.
*1058 Defendant asserts that because the analogous Florida statute cannot be determined from the evidence in the record, his prior murder conviction should automatically be scored as a third-degree felony. Florida Rule of Criminal Procedure 3.701 d.5.(a)(3) provides that "[w]here the degree of felony is ambiguous or impossible to determine, score the offense as a third-degree felony." Furthermore, the Committee Note states that "[a]ny uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant... ." We agree that such a rule would have applied if the defendant had raised the issue at the trial court. The Committee Note also states that "disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge." Thus, an appellate court may only apply this rule on appeal if the error is apparent from the record or after a trial judge, who has been presented with the dispute, determines the score to be assigned to the prior convictions. See Samples v. State, 516 So.2d 50 (Fla. 2d DCA 1987); Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986); Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985). But see Rotz v. State, 521 So.2d 355, (Fla. 5th DCA 1988); Weakland v. State, 520 So.2d 311 (Fla. 2d DCA 1988); and Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987) (appellate court orders resentencing, without any mention of whether an objection was made by defendant and ruled on by the trial court at the sentencing hearing, because the degree of felony assigned to each defendant's prior conviction is ambiguous).
The defendant had the opportunity to bring the alleged ambiguity of the degree of felony assigned to his Texas conviction to the attention of the trial court by way of objection at the sentencing hearing, thus allowing the State an opportunity to demonstrate the nature of the prior crime. Samples v. State, 482 So.2d at 51-52; Rodriguez v. State, 472 So.2d at 1296. If the State could not demonstrate the degree of the prior crime with sufficient certainty, the trial court, pursuant to Rule 3.701 d.5.(a)(3), would resolve the uncertainty in the defendant's favor and score the offense as a third-degree felony. Id. However, in this case the defendant failed to make the initial objection. Thus, absent a clear showing of error, this failure to object is fatal to defendant's appeal. However, because of confusion in the case law regarding the necessity of a trial court level objection when the degree assigned to a prior felony conviction is contested in the appellate court, we certify the following question to be of great public importance:
ON APPEAL, IF A DEFENDANT CONTESTS THE DEGREE OF CRIME ASSIGNED TO A PRIOR CONVICTION FOR SCORESHEET PURPOSES, BUT A REVIEW OF THE RECORD DOES NOT CONCLUSIVELY REVEAL THAT AN ERROR HAS BEEN MADE, SHOULD THE APPELLATE COURT ADDRESS THE ISSUE ABSENT A SHOWING BY THE DEFENDANT THAT AN OBJECTION WAS MADE AT THE TRIAL COURT PROCEEDINGS?
Because we cannot determine from a review of the record that a definite sentencing error has been committed, we conclude that an objection by the defendant at the sentencing hearing is a necessary prerequisite to our review of the alleged error. No objection having been made, we affirm.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Our decision today does not conflict with out previous decision in Abbott v. State, 482 So.2d 1391 (Fla. 1st DCA 1986). In that case, although we directed the trial court to determine whether a prior Connecticut assault conviction was classified as one of two possible Connecticut misdemeanors authorizing probation for as much as three years, the record in that case, of which we take judicial notice, indicates that each of the two possible Connecticut misdemeanors was analogous to a Florida crime which was also categorized as a misdemeanor. It is clear from the record that we were attempting to determine the Connecticut statute under which the defendant was convicted in order to determine the analogous Florida statute to use for the purposes of scoring the prior conviction.