JOANOS, Judge.
Johnny Dewayne Drawdy has appealed from a conviction and sentence. His argument on appeal is that the trial court erred by scoring appellant’s Louisiana conviction for receiving stolen property as a second degree felony rather than a third degree felony.
Appellant was charged with grand theft of a motor vehicle and entered a plea agreement with the state whereby he agreed to plead nolo contendere to the auto theft charge in return for a joint recommendation for a guideline sentence. A guidelines scoresheet was prepared with a presumptive sentence of community control or 12 to 30 months imprisonment based on 44 points scored.
At the sentencing hearing, appellant contested the numerical score calculated for the prior Louisiana conviction for receiving stolen properly. The state argued that appellant’s prior conviction should be scored as a second degree felony as it was analogous to the Florida offense of dealing in stolen property, pursuant to 3.701(d)(5)(a)(2), Florida Rules of Criminal Procedure. Defense counsel argued that the Louisiana conviction was ambiguous when compared to existing Florida Statutes and that it should be scored as a third degree felony. Scoring the Louisiana conviction as a second degree felony resulted in an increase of ten points on the score-sheet, which resulted in an increase in appellant’s sentence from any non-state prison sanction to community control or 12 to 30 months incarceration.
We reverse appellant’s sentence and remand for resentencing. We agree with appellant that one cannot determine from the record the nature or value of the property appellant was convicted of receiving as stolen property in Louisiana in 1982. It is only apparent that he was fined $100 and served one year probation. Also, 3.701(d)(5)(a)(3) Florida Rules of Criminal Procedure, provides that ambiguous felonies shall be scored as third degree felonies. Any uncertainty should be resolved in favor of the appellant. See Weakland v. State, 520 So.2d 311 (Fla. 2d DCA 1988); Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987). Further, we agree with appellant that the original crime of receiving stolen property, now merged with the theft statute, was designated a third degree felony. See § 812.031(2) Florida Statutes (1977). The state has on appeal conceded that the prior felony conviction was incorrectly scored. Therefore, we reverse and remand for resentencing so that the 1982 conviction for receiving stolen property can be scored as a third degree felony, which will lower appellant’s sentence to any non-state prison sentence.
MILLS and SHIVERS, JJ., concur.