PER CURIAM.
Appellant seeks reversal of his convictions and sentence for armed sexual battery and armed burglary. We affirm appellant’s convictions, but we vacate his sentence and remand for resentencing.
Appellant seeks to overturn his convictions on the contention that the lower court erred in admitting the testimony of Charles Ritchey, one of the police officers who responded to the scene of the sexual battery, regarding statements made by the victim regarding the attack and the identity of the perpetrator. Appellant argues that this testimony was inadmissible hearsay. After close examination, we find that no basis for reversal on this point has been shown.
We do agree, however, that the prosecution did not adequately establish below that an out-of-state conviction was the equivalent of burglary under Florida law for the purpose of calculating appellant’s guideline sentence. See, Forehand v. State, 537 So.2d 103 (Fla.1989), aff'g, 524 So.2d 1054 (Fla.1988). On remand, the state must substantiate the appropriate Georgia statute under which appellant’s conviction was obtained, or this prior offense must be scored as a third degree felony. See, Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990).
Accordingly, appellant’s convictions are affirmed. However, the sentence is VACATED and the cause is REMANDED for further proceedings consistent with this opinion.
SMITH, WOLF and MICKLE, JJ., concur.