CAMPBELL, Judge.
Appellant, Olin Shaw, was convicted of retail theft and sentenced to serve five years in prison. He raises four issues on appeal, of which only the last has merit.
Appellant argues first that his motions for judgment of acquittal should have been granted because the state failed to prove intent. Since theft is a specific intent crime to which voluntary intoxication is a defense [.Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), approved, 476 So.2d 1262 (Fla.1985)], and appellant presented evidence that he was intoxicated, appellant argues that the state failed to prove all of the elements of the offense.
A police officer observed appellant pushing a grocery cart full of unbagged groceries down the street. Appellant waved at the officer and the officer waved back. The officer then turned around and stopped appellant. When appellant could not produce a receipt, he told the officer that he had paid $86 for the groceries at Winn Dixie and that he had asked the girl not to bag his groceries. The total value of the groceries was $148.75 and all of the Winn Dixie cashiers denied checking him out.
While the officer noted that appellant’s eyes were bloodshot and that appellant smelled like alcohol, the officer observed that he had seen appellant drunk in public on several previous occasions, but that appellant did not seem highly intoxicated on that particular day.
While intent may be proved by circumstantial evidence, the proof must be not only consistent with guilt, it must be inconsistent with any other reasonable hypothesis of innocence. Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). Here, the evidence presented was not only consistent with appellant’s guilt, it was also inconsistent with any reasonable hypothesis of innocence. As Judge Lehan noted in Linehan:
Intoxication, short of such a state as to render a person unconscious or incapacitated, can be said to have not destroyed a person’s ability to form an intent, whether it be called general or specific intent. Although a person’s mental abilities may be impaired and his inhibitions reduced, his brain still functions to stimulate actions by his body. At the least, there would be justification to find under those circumstances (intoxication short of unconsciousness or incapacitation) a probability that the person meant to do what he. did and that, therefore, he should not be relieved or excused of the consequences thereof.
442 So.2d at 244.
We believe that the evidence here was inconsistent with a reasonable hypothesis of innocence because not only did the court have before it some evidence that appellant was not intoxicated, the evidence of intoxication did not indicate that appellant was *351 so intoxicated he did not intend to do what he did. Appellant told the officer that he paid $86 for the groceries. He had selected almost $150 worth of items from the shelves, placed them into the grocery cart and managed to exit the store. This behavior, in addition to the evidence that appellant was not intoxicated, is inconsistent with a reasonable hypothesis of innocence.
Appellant also argues that the court erred when it restricted voir dire on the jurors’ attitudes towards drunkenness. We disagree. It was brought out in voir dire that one of the juror’s father and another’s brother-in-law were alcoholics.
Appellant argues thirdly that the court confused the jury when it instructed them that if appellant’s acts were voluntary and not innocent, knowing intent would be proved. The court had the choice of instructing the jurors on one of two definitions of knowledge: (1) “Knowingly” means with actual knowledge and understanding of the facts or the truth and; (2) “Knowingly” means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason. Florida Standard Jury Instruction (Misdemeanor) 37. The court chose the second definition.
We believe that appellant would have been convicted under either definition. The instruction was not error.
Finally, appellant argues that the court costs imposed should be stricken because the court imposed them without a hearing. We agree. Jenkins v. State, 444 So.2d 947 (Fla.1984). The costs imposed should be stricken without prejudice to the court to properly tax costs under Jenkins.
We, therefore, affirm appellant’s conviction and sentence, and strike the costs without prejudice to the court to tax costs under Jenkins.
SCHEB, A.C.J., and SCHOONOVER, J., concur.