FARMER, Judge.
In this case, as part of the sentence, a trial judge required the defendant to make restitution to the State of unpaid sales taxes. Defendant argued that the order improperly imposes criminal restitution in part for what are really civil penalties and interest. He pleaded no contest to failing to pay over to *673 the State of Florida $22,620 in sales taxes he had collected in connection with the sale of two vessels. In the restitution order the judge required payment of $36,412, which includes the 50% penalty arising under section 212.12(2)(a), Florida Statutes, and the interest provided by section 212.12(3). We reverse the 50% penalty but affirm the interest.
Restitution is authorized by section 775.-089(l)(a), Florida Statutes (1991), which provides:
“(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly in indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.”
Subsection (4) of section 775.089 requires complete satisfaction of any restitutionary order, the failure of which may be grounds for the revocation of probation. Subsection (12) allows the court to enter an income deduction order requiring a defendant’s employer to withhold sums of money from the defendant salary or wages and pay them over to the clerk of court. Hence the restitution order has complications and effects which the ordinary civil money judgment lacks. It necessarily holds incarceration over the head of the defendant like a sword of Damocles to enforce payment in a way that civil judgments cannot.
Like most provisions in the Florida Criminal Code, section 775.089 is subject to the rule of lenity of section 775.021(1); if two constructions of the statutory text are possible, then we must use the one that favors the defendant. The statutory term “damage or loss” is not defined in the statute. On the one hand, it is reasonable to find within that term the whole of the unpaid sales taxes together with interest. Certainly, the State of Florida was damaged by defendant’s failure to make seasonable payment of the tax collected and withheld to the entity entitled to it, the State of Florida.
On the other hand, it is not quite so clear that the 50% penalty in section 212.12(2)(a) constitutes a damage or loss to the state caused by defendant’s criminal conduct. The State’s entitlement to the 50% arises only when a taxpayer fails to make payment of the tax. The State’s right to the 50% penalty has thus not been lost by the failure to pay taxes; rather it arises only when the failure occurs. Hence, it could not be fairly said that the State suffered a 50% loss caused by nonpayment. Actually the State has earned, by reason of defendant’s crime, something that it was not previously entitled to have: viz., an additional 50% of the taxes unpaid.
We therefore conclude that so much of the restitution order as requires the payment of civil penalties under section 212.12(2)(a) must be reversed. We remand the case to the trial court to enter a corrected order of restitution.
REVERSED.
GLICKSTEIN and POLEN, JJ., concur.