661 So.2d 1265 (1995)
Kevin O'NEILL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-819.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
*1266 Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
O'Neill appeals his sentences after being convicted of two counts of DUI/manslaughter.[1] He was involved in a traffic accident, which claimed the lives of two police officers in Brevard County. The trial judge imposed two thirty-year concurrent habitual offender sentences, which were beyond the permitted guidelines range,[2] but within the statutory maximum. O'Neill claims the trial court erred in relying upon a South Carolina "misdemeanor" conviction as one of the two convictions necessary to support an habitual offender sentence. We affirm the judgment and sentences in all respects.
Before a court may sentence a defendant as an habitual felony offender it must make a finding that the defendant has previously been convicted of two or more felonies in this state, or two or more other qualified offenses, within the last five years. § 775.084(1)(a), Fla. Stat. (1991).[3] O'Neill argues that he did not meet the statutory criteria for being declared an habitual offender because one of the two convictions used to habitualize him, a South Carolina conviction for possession of cocaine, was labeled a misdemeanor by the South Carolina statute, which proscribes this offense.
In support of this argument, O'Neill relies on a series of guidelines "scoring" cases under Florida Rule of Criminal Procedure 3.701 in which it has been held that scoring for "prior convictions" in a guidelines sentence should be at the same degree as existed for the offense at the time the convictions were imposed. See Frazier v. State, 515 So.2d 1061, 1062 (Fla. 5th DCA 1987); Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987); Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985); Pugh v. State, 463 So.2d 582 (Fla. 1st DCA 1985). However this rationale ignores the language of section 775.084. The cases cited by O'Neill rely on the Committee Note to Rule 3.701(d)(5), which directs that any uncertainties in scoring "prior record" in guideline sentences be resolved in favor of the defendant. Further, these cases involve Florida offenses, as opposed to out-of-state offenses, which have been modified to a different class or degree subsequent to the defendant's original conviction and sentence.
O'Neill's argument ignores the provisions of the statute which relate to "qualified offenses," and instead relies solely on the term "felonies." Under section 775.084(1)(a)1, it is clear that to habitualize a defendant there must be either two felonies committed in Florida or other qualified offenses. A "qualified offense" is defined under section 775.084(1)(c) as:
Any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States, or any possession or territory *1267 thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year. (emphasis supplied)
Section 775.084(1)(c)'s definition of qualified offense makes any non-Florida conviction for an out-of-state offense with elements similar to a Florida felony offense and which provides for a penalty of one year imprisonment, to death, available to impose an habitual offender sentence. The label given the out-of-state offense by the other jurisdiction is not controlling. Any other interpretation would render the inclusion of the provisions for qualified offense, meaningless.
A comparison between the South Carolina statute, section 44-53-370D,[4] and the comparable Florida statute, section 893.13(1)(f)[5], reveals the two statutes are substantially similar. For a first offense, section 44-53-370(d)(1) classifies possession of a Schedule II (cocaine)[6] controlled substance as a misdemeanor, but it provides for imprisonment for a period of up to two years. It also provides for a fine of $5,000. The statute increases in classification to a felony upon the commission of a second offense, and increases imprisonment to a possible term of five years. A third conviction triggers more serious sanctions. Possession must be knowing or intentional. The thrust of this statute is to classify the offense by the number of convictions, imposing more serious classifications as the number of convictions increase.
The Florida statute, section 893.13(1)(f), prohibits possession of a controlled substance, among which is cocaine, the offense for which O'Neill was convicted in South Carolina. Violation of this statute in Florida constitutes a felony of the third degree, and is punishable by a term of imprisonment not to exceed five years (section 775.082(3)(d)) and/or a fine of up to $5,000 (section 775.083(c)). Possession must be actual or constructive.
Viewed in light of the foregoing, we conclude the South Carolina conviction constitutes a qualified offense under Florida's habitual offender statute. In either South Carolina or Florida, possession[7] of cocaine subjects the perpetrator to imprisonment for more than one year, and a fine of up to $5,000. Moreover, the actual language of the two statutes is substantially similar, and in part, contains virtually identical language.[8] *1268 Pursuant to section 775.084(c), it is not necessary that the statutes mirror one another. The out-of-state conviction need only be "substantially similar" to section 893.13(1)(f) in elements and penalties. Although South Carolina has labeled this offense a "misdemeanor," it has imposed punishment which is equivalent to punishment for a felony in Florida.
The Florida Supreme Court has held that the habitual offender statute must be complied with strictly. Massey v. State, 609 So.2d 598 (Fla. 1992); Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962). The language in section 775.084 is clear and unambiguous in its intent to consider out-of-state convictions which are substantially similar to Florida felony offenses, in the same manner as the comparable Florida offense.
We find the South Carolina and Florida statutes to be substantially similar under 775.084, and we affirm the convictions and sentences below. However, because this is a case of first impression, and because of the doctrine of lenity in interpreting criminal statutes,[9] we certify as a question of great public importance[10] the following question to the Florida Supreme Court:
MAY AN OUT-OF-STATE CONVICTION WHICH IS A MISDEMEANOR IN THAT STATE, BUT WHICH IS SUBSTANTIALLY SIMILAR TO A FLORIDA STATUTE IN ELEMENTS AND PENALTIES, BE DEEMED A "QUALIFIED OFFENSE" UNDER SECTION 775.084 AND USED TO IMPOSE A HABITUAL OFFENDER SENTENCE?
AFFIRMED.
PETERSON, C.J., concurs.
COBB, J., concurs in part, dissents in part, with opinion.
COBB, Judge, concurring in part, dissenting in part.
I concur in the affirmance of the judgments and sentences of the trial court. I see no reason to certify a question that is answered by the unambiguous language of a statute, in this case, section 775.084(1)(c), Florida Statutes.
NOTES
[1] § 316.193(3)(c)3, Fla. Stat. (1991).
[2] See § 775.082, Fla. Stat. (1991). O'Neill concedes that his scoresheet totalled 275 points, placing him in a recommended range of 17 to 22 years and a permitted range of 12 to 27 years. The maximum statutory term of incarceration applicable to a second degree felony, absent habitual offender treatment, is fifteen years.
[3] Section 775.084(1)(a), Fla. Stat. (1991) provides:

1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses; [and]
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later; ... (emphasis supplied)
[4] Section 44-53-370(d), S.C. Code provides:

(d) A person who violates subsection (c) with respect to
(1) A controlled substance classified in schedule I(b) and (c) which is a narcotic drug lysergic acid, diethylamide (LSD) and in schedule II which is a narcotic drug is guilty of a misdemeanor, and upon conviction, must be imprisoned not more than two years or fined not more than $5,000 or both. For a second offense, the offender is guilty of a felony and, upon conviction, must be imprisoned not more than five years or fined not more than five thousand dollars, or both... . .
[5] We reject O'Neill's contention that the comparable Florida statute is section 893.13(1)(g), violation of which is a misdemeanor in the first degree. O'Neill concedes that the subject of the South Carolina conviction was cocaine, and subsection (1)(g) proscribes the possession of cannabis, not cocaine. Possession of cocaine is proscribed by section 893.13(1)(f), which provides:

It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. (emphasis supplied)
[6] § 44-53-210, S.C.Code (1993).
[7] Although the South Carolina statute requires knowing and intentional possession, and the Florida statute requires actual or constructive possession, we can discern no substantial difference between the two. "Knowingly" means with actual knowledge and understanding of the facts. Shaw v. State, 510 So.2d 349, 350 (Fla. 2d DCA 1987). In South Carolina the term "knowingly" has been defined to include not only actual knowledge, but also knowledge which should have been gained by reasonable inspection when the circumstances are such to put a reasonable person on inquiry: i.e., constructive knowledge. State v. Thompkins, 263 S.C. 472, 211 S.E.2d 549, 554 (S.C. 1975).
[8] Section 44-53-370(c) of the South Carolina statute provides:

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
While section 893.13(1)(f) of the Florida statute reads:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice... .
[9] § 775.021(1), Fla. Stat. (1993); Griffith v. State, 654 So.2d 936, 938 (Fla. 4th DCA 1995); Helfant v. State, 630 So.2d 672, 673 (Fla. 4th DCA 1995).
[10] Fla.R.App.P. 9.030(a)(2)(A)(v).