ANSTEAD, Justice.
We have for review a decision of the Fifth District Court of Appeal on the following question certified to be of great public importance:
MAY AN OUT-OF-STATE CONVICTION WHICH IS A MISDEMEANOR IN THAT STATE, BUT WHICH IS SUBSTANTIALLY SIMILAR TO A FLORIDA STATUTE IN ELEMENTS AND PENALTIES, BE DEEMED A “QUALIFIED OFFENSE” UNDER SECTION 775.084 AND USED TO IMPOSE A HABITUAL OFFENDER SENTENCE?
O’Neill v. State, 661 So.2d 1265, 1268 (Fla. 5th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified *721 question in the affirmative and approve the district court decision.
On May 31, 1992, Petitioner Kevin O’Neill was arrested after he was involved in a traffic accident which claimed the lives of two police officers in Brevard County. Petitioner was convicted of two counts of DUI/manslaughter in the circuit court, see § 316.193(3)(c)3, Fla.Stat. (1995), and sentenced to two thirty-year concurrent habitual offender sentences.[1] Petitioner appealed and claimed that the trial court erred in relying upon a South Carolina “misdemean- or” conviction as one of the two convictions necessary to support his habitual offender sentence. The district court affirmed petitioner’s sentences in all respects. O’Neill, 661 So.2d at 1266.[2]
For a court to sentence a defendant as a habitual felony offender under section 775.084, Florida Statutes (1995), it must find that the defendant has previously been convicted of any combination of two or more felonies in this state or two or more other qualified offenses. Id. § 775.084(l)(a)l.[3] A “qualified offense” is defined as
any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding one year.
Id § 775.084(l)(d). Under this statutory definition, a similarity in elements of the offenses being compared, coupled with a penalty for the out-of-state conviction in excess of one year’s imprisonment, will render an out-of-state conviction a “qualifying offense.” The plain language of this statutory definition also indicates that the label given the out-of-state offense by the other jurisdiction is not controlling. The penalty provision ensures that the other jurisdiction provides a penalty that would make the offense a felony in Florida. Hence, if the other jurisdiction provides a penalty .of a year or less for an offense, that offense cannot serve as a “qualifying offense” in Florida because such a penalty makes the offense a misdemeanor in Florida.
The South Carolina statute under which O’Neill was previously convicted provides, in pertinent part:
(c) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
(d) A person who violates subsection (c) with respect to:
(1) a controlled substance classified in Schedule 1(b) and (c) which is a narcotic drug or lysergic acid diethylamide (LSD) and in Schedule II which is a narcotic drug is guilty of a misdemeanor and, upon conviction, must be imprisoned not more than two years or fined not more than five thousand dollars, or both. For a second offense, the offender is guilty of a felony and, upon conviction, must be imprisoned *722 not more than five years or fined not more than five thousand dollars, or both. For a third or subsequent offense, the offender is guilty of a felony and, upon conviction, must be imprisoned not more than five years or fined not more than ten thousand dollars, or both.
S.C.Code Ann. § 44-53-370(c), (d) (Law. Coop.1995). Cocaine is considered a Schedule II controlled substance under South Carolina law. Id. §§ 44-53-110, 44-53-210. Petitioner asserts that his South Carolina conviction under this statute is not a qualifying offense because (1) it is a misdemeanor in South Carolina, and (2) it is most similar to Florida’s misdemeanor offense for possession of marijuana.
As noted above, to constitute a “qualifying offense” under section 775.084 the out-of-state conviction must be “substantially similar in elements and penalties to an offense in this state” and must be punishable by imprisonment over one year. Section 893.13(6)(a), Florida Statutes (1995),[4] provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
We agree with the trial court and the district court that section 893.13(6)(a) is sufficiently “substantially similar” to South Carolina’s statute to allow the use of the South Carolina conviction as a qualifying offense. The only significant difference in the provisions of the Florida and South Carolina statutes is the two-year maximum for a first offense provided in South Carolina compared to the five-year maximum in Florida. In Florida, possession of cocaine, which is a third-degree felony, may be punished by a term of imprisonment not exceeding five years and/or a fine of $5,000. See id. § 775.083(l)(e). A two-year maximum prison sentence in Florida would, however, qualify the offense as a felony.
Petitioner seeks to elevate form over substance by using the designated degree of offense of “misdemeanor” as provided in the South Carolina statute as the sole benchmark for judging similarity. We find the district court’s analysis of the issue to be right on point:
[W]e conclude the South Carolina conviction constitutes a qualified offense under Florida’s habitual offender statute. In either South Carolina or Florida, possession of cocaine subjects the perpetrator to imprisonment for more than one year, and a fine of up to $5,000. Moreover, the actual language of the two statutes is substantially similar, and in part, contains virtually identical language. Pursuant to section 775.084(e), it is not necessary that the statutes mirror one another. The out-of-state conviction need only be “substantially similar” to section [893.13(6)(a) ] in elements and penalties. Although South Carolina has labeled this offense a “misdemeanor,” it has imposed punishment which is equivalent to punishment for a felony in Florida.
O’Neill, 661 So.2d at 1267-68 (footnotes omitted).[5] Further, and contrary to petitioner’s contention, Florida’s statute for misdemean- or possession of marijuana, see § 893.13(6)(b), Fla. Stat. (1995), is not most similar to South Carolina’s misdemeanor pos *723 session of cocaine. The marijuana offense obviously involves a different substance and provides for a substantially lesser sentence of up to one year in the county jail.
Accordingly, we answer the certified question in the affirmative and approve the district court decision.
It is so ordered.
. KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ, concur.

. O’Neill conceded that his scoresheet totaled 275 points, placing him in a recommended range of 17 to 22 years and a permitted range of 12 to 27 years. The maximum statutory term of incarceration applicable to a second-degree felony, absent habitual offender treatment, is fifteen years. O’Neill, 661 So.2d at 1266 n. 2.

. Besides the question certified by the district court, petitioner presents two additional issues for our review. We decline to address those issues.

. Section 775.084(l)(a)2, which is also relevant, requires that:
The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
Petitioner does not contend that the trial court erred in applying this provision. The court ha-bitualized petitioner based on a 1981 conviction for "aggravated trafficking in narcotics" and a 1988 South Carolina conviction for "possession of cocaine."

. Under Florida Statutes, cocaine is also considered a Schedule II controlled substance. See id. §§ 893.02(4), 893.03(2)(a)4.

. Although the South Carolina statute requires knowing and intentional possession, and the Florida statute requires actual or constructive possession, we can discern no substantial difference between the two. "Knowingly" means with actual knowledge and understanding of the facts. Shaw v. State, 510 So.2d 349, 350 (Fla. 2d DCA 1987). In South Carolina the term "knowingly” has been defined to include not only actual knowledge, but also knowledge which should have been gained by reasonable inspection when the circumstances are such to put a reasonable person on inquiry, i.e., constructive knowledge. State v. Thompkins, 263 S.C. 472, 211 S.E.2d 549, 554 (1975).