# Supreme Court of Florida

_____

No. SC18-488
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-01.**

September 27, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions 10.13 (Shooting or Throwing Missiles in Dwelling), 10.14 (Possession of Forbidden Firearms), 10.15 (Felons Carrying a Concealed Weapon or Possessing Firearm/Ammunition/Electric Weapon or Device), and 10.15(a) (Possession of [a Firearm] [an Electric Weapon or Device] [Ammunition] or [Carrying a Concealed Weapon] by a Person Under the Age of 24 Who Has Been Found Delinquent of an Offense Which Would Be a Felony if Committed by an Adult). Following

publication in *The Florida Bar News*, the Committee received one comment pertaining to the proposal to amend instruction 10.13, from the Florida Public Defender Association. The Committee agreed with the comment and made responsive changes to its proposal. We authorize the instructions as proposed by the Committee, and discuss the more significant amendments to the instructions below.[1]

With regard to instruction 10.13, we modify the title to replace "Missiles in Dwelling" with "A [Missile] [Stone] [Hard Substance] [At] [Within] [Into] [In] A[n] [Building] [Vehicle] [Vessel] [Aircraft]." The word "dwelling" is removed because it is not referenced in the elements of the offense as defined in section 790.19, Florida Statutes (2018). Turning to element one, the instruction is amended to remove the reference to "shot a firearm," as the statute does not include that phrase. Element two is amended to add "that was being used or occupied by any person" to the alternative "a public or private bus." In addition, the alternative "a vehicle of any kind that was being used or occupied by any person" is added to element two.

Turning to instruction 10.14, the title is amended to replace "Forbidden Firearms" with "A [Short-Barreled Rifle] [Short-Barreled Shotgun] [Machine

_____

1. Minor, technical changes to the instructions are not elaborated upon.

Gun]." An italicized paragraph to the trial court is added pertaining to the burden

of persuasion with regard to the "antique firearm affirmative defense," as well as

an amended instruction on the defense and new instructions on the burden. The

definition for "possession" is amended, based upon the definition recently

authorized by the Court in other instructions including "possession." *See In re*

*Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182,

183-184 (Fla. 2018). Finally, the statutory definitions for "machine gun," "short-

barreled shotgun," and "short-barreled rifle" are added.

Lastly, in instructions 10.15 and 10.15(a), the definition for "possession" is

amended based upon *In re Standard Jury Instructions in Criminal Cases—Report*

*2017-03*, 238 So. 3d at 183-84. Also, two different definitions for "knowingly" are

added as optional definitions.

Having considered the Committee's report, we authorize the amended

instructions, as set forth in the appendix to this opinion, for publication and use.[2]

New language is indicated by underlining, and deleted language is indicated by

struck-through type. We caution all interested parties that any comments

---

2. The amendments as reflected in the appendix are to the Criminal Jury
Instructions as they appear on the Court's website at www.floridasupremecourt.org
/jury_instructions/instructions.shtml. We recognize that there may be minor
discrepancies between the instructions as they appear on the website and the
published versions of the instructions. Any discrepancies as to instructions
authorized for publication and use after October 25, 2007, should be resolved by
reference to the published opinion of this Court authorizing the instruction.

associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**10.13  SHOOTING OR THROWING** ~~MISSILES IN DWELLING~~ **A [MISSILE] [STONE] [HARD SUBSTANCE] [AT] [WITHIN] [INTO] [IN] A[N] [BUILDING] [VEHICLE] [VESSEL] [AIRCRAFT]**
§ 790.19, Fla._Stat.

**To prove the crime of** (crime charged)**, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a and/or 1b as applicable.*
**1.**      (Defendant)

> **a.  [shot] [or] [threw] a missile that would produce death or great bodily harm.**

> **b.  hurled or projected a stone or other hard substance that would produce death or great bodily harm.**

> [~~shot a firearm~~].
> [~~threw a missile~~].
> [~~hurled or projected a stone or other hard substance that would produce death or great bodily harm~~].

*Give 2a–2f as applicable.*
**2.**      **[He] [She] did so [at] [within] [into] [in]**

> **a.  {a public or private building, occupied or unoccupied}.**

> **b.  {a public or private bus, that was being used or occupied by any person}.**

> **c.  {a train, locomotive, railway car, caboose, cable railway car, street railway car, or monorail car,** ~~or vehicle of any kind~~ **that was being used or occupied by any person}.**

> **d.  a vehicle of any kind that was being used or occupied by any person.**

> **e.** {a boat, vessel, ship, or barge lying in or plying the waters of this state}.

> **f.** {an aircraft flying through the air space of this state}.

**3.** The **defendant's** act was done wantonly or maliciously.

*Definitions State v. Kettell, 980 So. 2d 1061 (Fla. 2008).*
**"Wantonly" means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.**

*State v. Kettell, 980 So. 2d 1061 (Fla. 2008).*
**"Maliciously" means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.**

*Give if applicable. Polite v. State, 454 So. 2d 769 (Fla. 1st DCA 1984).*
**A "firearm" is legally defined as** (adapt from § 790.001, Fla.Stat., as required by allegations).**It is not necessary for the State to prove a defendant acted with malevolence toward a vehicle or structure itself if the State proved [he] [she] acted with a wanton or malicious attitude directed toward an individual within or near the vehicle or structure.**

**Lesser Included Offenses**

| SHOOTING OR THROWING ~~MISSILES IN DWELLING~~ A [MISSILE] [STONE] [HARD SUBSTANCE[[AT] [WITHIN] [INTO] [IN] A[N] [BUILDING] [VEHICLE] [VESSEL] [AIRCRAFT] — 790.19 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Criminal Mischief | 806.13 | 12.4 |
| | Discharging firearm in public | 790.15 | 10.6 |

This instruction was adopted in 1981 and amended in 2018.


**10.14 POSSESSION OF ~~FORBIDDEN FIREARMS~~ A [SHORT-BARRELED RIFLE] [SHORT-BARRELED SHOTGUN] [MACHINE GUN]**
§ 790.221, Fla._Stat.

**To prove the crime of** ~~(crime charged)~~**Possession of a [Short-Barreled Rifle] [Short-Barreled Shotgun] [Machine Gun], the State must prove the following two elements beyond a reasonable doubt**:

1. (Defendant) ~~[owned] [~~**or had in [his] [her] care, custody, possession, or control]** a ~~(firearm alleged)~~ **[short-barreled rifle] [short-barreled shotgun] [machine gun]**.

2. **The** ~~(firearm alleged) )~~ **[short-barreled rifle] [short-barreled shotgun] [machine gun] was one that was, or could readily be made, operable.**

*Antique Firearm Affirmative Defense~~s~~. Give if applicable.*
**~~If you find that the~~** ~~(firearm alleged)~~ **~~was lawfully owned and possessed under provisions of the federal law, you shall find the defendant not guilty.~~**
*§ 790.221(1), Fla. Stat.; § 790.001(1), Fla. Stat.*
*The statute and case law are silent as to (1) which party bears the burden of persuasion of the defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*
**~~This law does not apply to antique firearms.~~ It is a defense if the [short-barreled rifle] [short-barreled shotgun] [machine gun] is an antique firearm. An "antique firearm" means any firearm manufactured in or before 1918 (including any matchlock, flintlock, percussion cap, or similar early type of**

**ignition system) or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.**

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that the [short-barreled rifle] [short-barreled shotgun] [machine gun] is an antique firearm, you should find [him] [her] not guilty.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the [short-barreled rifle] [short-barreled shotgun] [machine gun] is not an antique firearm, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*Definitions. Give as applicable.*
**"Care" and "custody" mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.**

*Possession.*
**To prove** (defendant) **"possessed" a [short-barreled rifle] [short-barreled shotgun] [machine gun], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [short-barreled rifle] [short-barreled shotgun] [machine gun] and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over a [short-barreled rifle] [short-barreled shotgun] [machine gun] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a [short-barreled rifle] [short-barreled shotgun] [machine gun] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [short-barreled rifle] [short-barreled shotgun] [machine gun] or the present ability to direct its control by another.**

*Joint possession.*
**Possession of a [short-barreled rifle] [short-barreled shotgun] [machine gun] may be sole or joint, that is, two or more persons may possess it.**

~~**A ["short-barreled rifle"] ["short-barreled shotgun"] ["machine gun"] is legally defined as**~~ (adapt from § 790.001(9), (10), or (11), Fla.Stat., as required by the allegations)**.**

~~**An "antique firearm" is legally defined as**~~ (adapt from § 790.001(1), Fla.Stat., as required by the allegations)**.**

~~**To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.**~~

~~**Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.**~~

~~**If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.**~~

~~**Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.**~~

~~**If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.**~~

~~**If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.**~~

*§ 790.001(9), Fla. Stat.; § 790.001(6), Fla. Stat.*
**A "machine gun" means any firearm which shoots, or is designed to shoot, automatically more than one shot, without manually reloading, by a single function of the trigger. A "firearm" means any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer.**

*§ 790.001(10), Fla. Stat.*
**A "short-barreled shotgun" means a shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches.**

*§ 790.001(11), Fla. Stat.*
**A "short-barreled rifle" means a rifle having one or more barrels less than 16 inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches.**

**Lesser Included Offenses**

| POSSESSION OF ~~FORBIDDEN FIREARMS~~ A [SHORT-BARRELED RIFLE] [SHORT-BARRELED SHOTGUN] [MACHINE GUN] — 790.221 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

Pursuant to § 790.221(3), Fla. Stat., firearms which are lawfully owned and possessed under provisions of federal law are excepted from the statute. A special instruction will be required in cases where the defendant claims federal law allows the ownership and possession of those firearms.

This instruction was adopted in 1981 and was amended in 1989 [540 So. 2d 1205] and 2018.

## 10.15  FELONS CARRYING A CONCEALED WEAPON OR POSSESSING [A FIREARM]/ [AMMUNITION]/ [AN ELECTRIC WEAPON OR DEVICE]
§ 790.23, Fla. Stat.

**To prove the crime of** (crime charged), **the State must prove the following two elements beyond a reasonable doubt:**

- 10 -

**1.** (Defendant) **had been convicted of a felony.**

*Give 2a <u>and/</u>or 2b as applicable.*
**2.  After the conviction,** (defendant) **knowingly**

    **a.** ~~[owned]~~ [<u>or</u> **had in [his] [her] care, custody, possession, or control]**
       **[a firearm] [an electric weapon or device] [ammunition].**

    **b.** ~~[carried a concealed weapon.]~~

*Definitions.*
**"Convicted" means that a judgment has been entered in a criminal proceeding by a court pronouncing the accused guilty.**

*Give as appropriate. ~~See § 790.001, Fla. Stat.~~*
*§ 790.001<u>(6)</u>, Fla. Stat.*
**A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of <u>another</u> crime. An antique firearm is** *(insert definition in <u>§ </u>790.001(1), Fla. Stat.*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.*]**.**

*§ 790.001<u>(14)</u>, Fla. Stat.*
**An "electric weapon or device" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.**

*§ 790.001<u>(19)</u>, Fla. Stat.*
**"Ammunition" means an object consisting of all of the following:**
  **a.  A fixed metallic or nonmetallic hull or casing containing a primer~~,~~<u>.</u>**
  **b.  One or more projectiles, one or more bullets, or shot.**
  **c.  Gunpowder.**

*Give if defendant is charged with Convicted Felon Carrying a Concealed Weapon. See ~~Fla. Stat.~~ § 790.001(3)(a)<u>, Fla. Stat.</u>*

A "concealed weapon" means any dirk, metallic knuckles, ~~slungshot,~~ billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such manner as to conceal the weapon from the ordinary sight of another person.

*Ensor v. State, 403 So. 2d 349 (Fla. 1981); Dorelus v. State, 747 So. 2d 368 (Fla. 1999).*

The term "on or about [his] [her] person" means physically on the person or readily accessible to [him] [her].

The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. A weapon need not be completely hidden for you to find that it was concealed. However, a weapon is not concealed if, although not fully exposed, its status as a weapon is detectable by ordinary observation.

*Give if appropriate.*
*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*

A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.

*Give if 2a alleged.*
"Care" and "custody" mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.

*Possession.*
**To prove** (defendant) **"possessed" [a firearm] [an electric weapon or device] [ammunition], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [firearm] [electric weapon or device] [ammunition] and b) intentionally exercised control over it.**

*Give if applicable.*

**Control can be exercised over [a firearm] [an electric weapon or device] [ammunition] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to [a firearm] [an electric weapon or device] [ammunition] does not establish that the person intentionally exercised control over it in the absence of additional evidence.** Control can be established by proof that (defendant) **had direct personal power to control the [firearm] [electric weapon or device] [ammunition] or the present ability to direct its control by another.**

*Joint possession.*
**Possession of [a firearm] [an electric weapon or device] [ammunition] may be sole or joint, that is, two or more persons may possess it.**

~~To "possess" means to exercise the right of ownership, management, or control over an object.~~

~~Possession may be actual or constructive.~~

~~Actual possession means~~

~~a. the object is in the hand of or on the person, or~~

~~b. the object is in a container in the hand of or on the person, or~~

~~c. the object is so close as to be within ready reach and is under the control of the person.~~

~~*Give if applicable.*~~
~~Mere proximity to an object is not sufficient to establish control over that object when it is not in a place over which the person has control.~~

~~Constructive possession means the object is in a place over which~~ (defendant) ~~has control, or in which~~ (defendant) ~~has concealed it.~~

~~If an object is in a place over which~~ (defendant) ~~does not have control, the State establishes constructive possession if it proves that~~ (defendant) ~~(1) has knowledge that the object was within~~ (defendant's) ~~presence, and (2) has control over the object.~~

**Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inference of knowledge of presence. A special instruction may be necessary if the object is in a common area, in plain view, and in the presence of the defendant, who is a joint owner or joint occupant of the place in which the object was located. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.**

**If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.**

*Optional Definitions. Shaw v. State, 510 So. 2d 349 (Fla. 2d DCA 1987).*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.**

## Lesser Included Offenses

| FELONS CARRYING A CONCEALED WEAPON OR POSSESSING FIREARM/AMMUNITION/ELECTRIC WEAPON OR DEVICE—790.23 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Carrying a Concealed Weapon if Carrying a Concealed Weapon by a Convicted Felon is charged | | 790.01(1) | 10.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Carrying concealed firearm | 790.01(2) | 10.1 |

**Comment**

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 2007 [953 So. 2d 495], and 2013 [131 So. 3d 720], and 2018.

**10.15(a) POSSESSION OF [A FIREARM] [AN ELECTRIC WEAPON OR DEVICE] [AMMUNITION] OR [CARRYING A CONCEALED WEAPON] BY A PERSON UNDER THE AGE OF 24 WHO HAS BEEN FOUND DELINQUENT OF AN OFFENSE WHICH WOULD BE A FELONY IF COMMITTED BY AN ADULT**
§ 790.23(1)(b) or (d), Fla. Stat.

**To prove the crime of** (crime charged), **the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **had been found by [a court of this state] [a court of another [state] [territory] [country]] to have committed a delinquent act that would be a felony if committed by an adult [and which was punishable by imprisonment for a term exceeding 1 year].**

*Give 2a and/or 2b as applicable.*
2. **After being found to have committed that delinquent act,** (defendant) **knowingly**

   a. [owned] [or had in [his] [her] care, custody, possession, or control] **[a firearm] [an electric weapon or device] [ammunition].**

   b. [carried a concealed weapon.]

3. (Defendant) **was under 24 years of age at the time [he] [she] [[owned] [possessed][owned or had in [his] [her[ care, custody, possession, or control, [the firearm] [the electric weapon or device] [the ammunition]] [carried the concealed weapon].**

*~~Note to Judge:~~ "Found" refers to a finding of fact by a court of competent jurisdiction and does not require an adjudication of guilt. State v. Menuto, 912 So. 2d 603 (Fla. 2d DCA 2005).*

*Definitions.*
*§ 985.03(8), Fla. Stat.*
**"Delinquent act" is a violation of law found by a court to have been committed by any married or unmarried child under 18 years of age.**

*Give as appropriate.*
*§ 790.001(6), Fla. Stat.*
**A "firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of <u>another</u> crime. <u>An antique firearm is</u>** *(insert definition in § 790.001(1), Fla. Stat.)***] [A destructive device is** (~~insert definition in~~ <u>insert definition in §_790.001(4), Fla. Stat.)</u>**].**

*§ 790.001(19), Fla. Stat.*
**"Ammunition" means an object consisting of all of the following:**
    **a. A fixed metallic or nonmetal hull or casing containing a primer.**
    **b. One or more projectiles, one or more bullets, or shot.**
    **c. Gunpowder.**

*§ 790.001(14), Fla. Stat.*
**An "electric weapon or device" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.**

*§ 790.001(3)<u>(a)</u>, Fla. Stat.*
**A "concealed weapon" ~~is legally defined as~~ <u>means</u> any dirk, metallic knuckles, ~~slingshot,~~ billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.**

*Ensor v. State, 403 So. 2d 349 (Fla. 1981)<u>; Dorelus v. State, 747 So. 2d 368 (Fla. 1999)</u>.*

The term "on or about a person" means physically on the person or readily accessible to [him] [her].

The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Absolute invisibility is not a necessary element to a finding of concealment.

*Give if appropriate.*
*Robinson v. State, 547 So. 2d 321 (Fla. 5th DCA 1989);R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*
A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object can also be a deadly weapon because of the way it is used or intended to be used or threatened to be used.

*Give if 2a alleged.*
"Care" and "custody" mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.

*Possession.*
**To prove** (defendant) **"possessed" [a firearm] [an electric weapon or device] [ammunition], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [firearm] [electric weapon or device] [ammunition] and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over [a firearm] [an electric weapon or device] [ammunition] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to [a firearm] [an electric weapon or device] [ammunition] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [firearm] [electric weapon or device] [ammunition] or the present ability to direct its control by another.**

*Joint possession.*

**Possession of [a firearm] [an electric weapon or device] [ammunition] may be sole or joint, that is, two or more persons may possess it.**

~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive.~~

~~Actual possession means~~

> ~~a. the object is in the hand of or on the person, or~~
> ~~b. the object is in a container in the hand of or on the person, or~~
> ~~c. the object is so close as to be within ready reach and is under the control of the person.~~

*~~Give if applicable.~~*
~~Mere proximity to an object is not sufficient to establish control over the object when the object is not in a place over which the person has control.~~

~~Constructive possession means the object is in a place over which~~ (defendant) ~~has control, or in which~~ (defendant) ~~has concealed it.~~

~~In order to establish constructive possession of an object if the object is in a place over which the defendant does not have control, the State must prove the defendant's (1) control over the object and (2) knowledge that the object was within the defendant's presence.~~

~~Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.~~

~~If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.~~

*~~A special instruction may be given if the premises are jointly occupied and the object is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).~~*

**If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.**

*Optional Definitions. Shaw v. State, 510 So. 2d 349 (Fla. 2d DCA 1987).*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.**

**Lesser Included Offenses**

| CARRYING A CONCEALED WEAPON OR POSSESSING FIREARM/AMMUNITION/ELECTRIC WEAPON OR DEVICE BY A PERSON UNDER THE AGE OF 24 WHO HAS BEEN FOUND DELINQUENT OF AN OFFENSE WHICH WOULD BE A FELONY IF COMMITTED BY AN ADULT– 790.23(1)(b) or (d) ~~Fla. Stat.~~ | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Carrying a Concealed Weapon if Carrying a Concealed Weapon is charged | | 790.01(1) | 10.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Carrying concealed firearm | 790.01(2) | 10.1 |

**Comments**

The 3-year minimum mandatory sentence for actual possession of a firearm does not apply because this crime is not listed in § 775.087(2), Fla. Stat. *Potter v. State*, 997 So. 2d 1215 (Fla. 1st DCA 2008).

This instruction was adopted in 2012 [95 So. 3d 868] and amended in 2018.